Dear Mr. Rice:
This opinion is in response to your question asking:
 Does section 105.270, RSMo 1986, pertaining to paid military leaves of absence for members of the National Guard and Reserve who are state, county, municipal, and other public employees for up to 15 calendar days per federal fiscal year, require or allow that they be charged military leave under the 15 day entitlement (1) for each day of duty performed in the service of the United States under competent orders, regardless of holidays and other regular days off, if any of the military duty for the period concerned involves one or more regular working days, and/or (2) for each day of duty performed in the service of the United States under competent orders only on the regular working days of the employee concerned, notwithstanding the actual number of days inclusive in the military orders.
Section 105.270, RSMo 1986, states:
 1. All officers and employees of this state, or of any department or agency thereof, or of any county, municipality, school district, or other political subdivision, and all other public employees of this state who are or may become members of the national guard or of any reserve component of the armed forces of the United States, shall be entitled to leave of absence from their respective duties, without loss of time, pay, regular leave, impairment of efficiency rating, or of any other rights or benefits, to which otherwise entitled, for all periods of military services during which they are engaged in the performance of duty or training in the service of this state at the call of the governor and as ordered by the adjutant general without regard to length of time, and for all periods of military services during which they are engaged in the performance of duty in the service of the United States under competent orders for a period not to exceed a total of fifteen calendar days in any federal fiscal year.
Under 32 U.S.C. § 502(a)(2) all members of the National Guard are required to "[p]articipate in training at encampments, maneuvers, outdoor target practice, or other exercises, at least 15 days each year." Congress protects those who fulfill this obligation from any loss of benefits or advantages of employment under 38 U.S.C. § 202(b)(3). The purpose of this legislation was "to prevent reservists and National Guardsmen not on active duty who must attend weekend drills or summer training from being discriminated against in employment because of their Reserve membership. . . ." Monroe v. Standard Oil Co., 452 U.S. 549,558, 101 S.Ct. 2510, 2515, 69 L.Ed.2d 226 (1981), quoting S. Rep. Mo. 1477, 90th Cong, 2d Sess. 1-2 (1968). In Monroe v.Standard Oil Co., the United States Supreme Court held, however, that Congress did not intend to require employers to provide special benefits to employee-reservists not generally made available to other employees. Id., 452 U.S. at 562,101 S.Ct. at 2518. Thus, employers are not required to make special accommodations to employees to allow them to make up overtime or to alter the scheduled days off. Id., 452 U.S. at 564,101 S.Ct. at 2519.
In Missouri, the predecessor to Section 105.270 stated specifically that a state employee's military leave of absence was not to exceed ten working days in any one calendar year. Section 105.270, RSMo 1969. That language specifically limiting leave to ten working days was changed in 1975 by the 78th General Assembly under House Bill No. 103 which amended the statute to reflect the allowance of fifteen calendar days per year. Apparently some confusion existed among employers whether ten working days meant days the employee could have worked or days the employee was scheduled to work. Recognizing this confusion, and remembering that federal law merely requires a reserve member to work fifteen days per year, it is reasonable to interpret this change to merely provide a uniform system for counting the days of leave. The change was not intended to increase the leave days available. The legislature substituted calendar days for working days specifically to show each and every day should be counted, not merely those days when a employee is scheduled to work. This is consistent with federal court interpretations of federal law who hold that employers need not make "special accommodations" for reservists. Rumseyv. New York State Department of Correctional Services,569 F. Supp. 358, 361 (N.D.N.Y. 1983). Requiring an employer to provide a reservist fifteen working days off — days when the employee was actually scheduled to work — would be a "special accommodation" beyond which federal law required, beyond the express language of Section 105.270 and, most important, beyond the intent of the legislature as evidenced by its changing the period from ten working days to fifteen calendar days. The legislature will not presumed to have done a meaningless act.State vs. Swoboda, 658 S.W.2d 24, 26 (Mo. banc 1983).
Conclusion
It is the opinion of this office that an agency, in calculating the amount of military leave to which a state employee is entitled, pursuant to Section 105.270.1, RSMo 1986, should include all days from the time of the employee's departure until the time of his or her return, regardless of whether or not the employee was scheduled to work on all interim days or not, for a total of fifteen calendar days.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General